UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO RIVERA VALENCIA,<br>Reg. No. 36322-298,<br>           Plaintiff,<br>vs.<br>JOHN WEIS, District Attorney of the State of California, Imperial County; GILBERT G. OTERO, District Attorney, Imperial County,<br>          Defendants. | Case No.: 3:18-cv-01261-WQH-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

On May 16, 2018, Plaintiff Diego Rivera Valencia ("Plaintiff"), a federal prisoner incarcerated at the Federal Correctional Institution Terminal Island, in San Pedro, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California. *See* Compl., ECF No. 1.

**I. Procedural History**

On June 6, 2018, United States Magistrate Judge Shashi H. Kewalramani granted Plaintiff's request to proceed *in forma pauperis* ("IFP") (ECF No. 6), and on June 11, 2018, transferred the case for lack of proper venue to the Southern District of California pursuant to 28 U.S.C. § 1406(a) (ECF No. 7). While Judge Kewalramani noted the events giving

rise to Plaintiff's action are alleged to have occurred in El Centro, California, and both Defendants are alleged to reside there, she did not otherwise conduct the mandatory initial screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).

## II. Initial Screening

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and

2

3:18-cv-01261-WQH-NLS

common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims that on August 9, 2012, at his arraignment in *United States v. Diego Rivera-Valencia*, S.D. Cal. Criminal Case No. 3:12-cr-03547-CAB-1, before United States Magistrate Judge Peter C. Lewis in El Centro, California, Defendant John Weis, an Imperial County Deputy District Attorney, appeared and requested "to be the reader of the charges" upon which Plaintiff was to be arraigned. *See* Compl., ECF No. 1 at 1, 10. Plaintiff contends Weis "had no business in the federal court that day," but claimed he "need[ed] to be [t]here," so he could "have full satisfaction, and peace of mind." *Id.* at 6, 10. Plaintiff claims Weis had not been called as a witness to the matter, spoke "out of turn," and tried to "ambush" Judge Lewis and the "District Federal Attorney," by "slandering" him in open court, and making it "sound like" he was the "head of the mob of Imperial … Valley" and "public enemy number one." *Id.* at 10, 12, 16.

Plaintiff's only allegation as to Defendant Gilbert G. Otero, the Imperial County District Attorney, is that he gave Weis the day off to attend Plaintiff's arraignment. *Id.* at 3. Plaintiff admits he was represented by a federal public defender at the time, but claims he "fired" her for failing to object. *Id.* at 15. He now seeks "20 million d[o]llars" in damages pursuant to 42 U.S.C. § 1983 because Weis's slander allegedly confused him, caused him to misunderstand his *Miranda* warnings, and violated his Fourth, Fifth, and Fourteenth Amendments rights. *Id.* at 12, 14-16.[1]

---

[1] The Court takes judicial notice of the docketed proceedings in *United States v. Diego Rivera-Valencia*, S.D. Cal. Criminal Case No. 3:12-cr-03547-CAB-1, ECF No. 1, Compl., filed July 27, 2012. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted); *see also McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004) (taking

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, Plaintiff claims both Defendants Weis and Otero are Imperial County District Attorneys. *See* Compl., ECF No. 1 at 3. But he fails to allege that either acted in his official capacity and "under color of state law" on August 9, 2012—the day he contends Weis appeared on his "day off" at Plaintiff's arraignment in United States District Court in El Centro. *Id.* at 3, 12. In fact, Plaintiff explicitly seeks to sue both Weis and Otero in their individual capacities only. *Id.* at 1, 2. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

For this reason alone, his Complaint must be dismissed for failing to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Woldmskel v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH (PCL), 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing § 1983 claims sua sponte against defendants not alleged to have acted under

---

judicial notice of district court proceedings to determine whether prior alleged § 1983 claims were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).

4

color of state law pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)).

D. Slander and Defamation

Second, to the extent Plaintiff claims Defendant Weis "slandered" him during a federal pretrial proceeding, *see* Compl., ECF No. 1 at 6, 12, he fails to allege the deprivation of any constitutional right. *See Paul v. Davis*, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable under § 1983); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by *Paul*); *Whatley v. Gray*, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018).

E. *Heck v. Humphrey*'s Favorable Termination Rule

Third, to the extent Plaintiff also claims Weis's statements caused him "to be[come] confuse[d]," and resulted in a misunderstanding of his Fourth, Fifth and Fourteenth Amendment rights during arraignment, *see* Compl., ECF No. 1 at 14, 16, a § 1983 suit is not the proper vehicle through which to mount what is essentially a collateral challenge to the validity of his federal criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994).

In *Heck*, the Supreme Court held that:

> … in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. Therefore, "where a prisoner file[s] a civil suit seeking purely money damages related to an allegedly unlawful conviction," *Heck* bars the suit if awarding those damages "would undermine the validity of the underlying conviction," and the entire action must be dismissed. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (citing *Heck*, 512 U.S. at 486-87, 489). *Heck* arose in the context of a state court conviction, but its rationale applies to federal convictions as well. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for […] prisoner[s] who … mak[e] [] constitutional challenge[s] to the conditions of [] prison life, *but not to the fact or length of [their] custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)).

Thus, because Plaintiff does not allege to have already invalidated his conviction or sentence in *United States v. Diego Rivera-Valencia*, S.D. Cal. Criminal Case No. 3:12-cr-03547-CAB-1, either by way of direct appeal, executive order, or through the issuance of a federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his current Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (sua sponte dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser*, 411 U.S. at 500).

F.  Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could allege facts sufficient to plausibly show Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights during his August 9, 2012 arraignment, his claims for damages under § 1983 could still not yet proceed because he waived his right to collaterally attack his conviction as part of his plea in *United States v. Diego Rivera-Valencia*, S.D. Cal. Criminal Case No. 3:12-cr-

03547-CAB-1, his Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(a)(2) in that case has previously been denied, and his recently-filed "Motion to Vacate or Dismiss" that case pursuant to 28 U.S.C. § 2255, which appears to challenge his conviction based on the some of the same claims raised in this § 1983 suit, still remains pending before the Honorable Cathy Ann Bencivengo, the district judge who sentenced him on November 19, 2012. *See id.,* ECF Nos. 27-28, 33, 37, 39; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

### III. Conclusion and Order

Accordingly, the Court:

1) **DISMISSES** Plaintiff's Complaint sua sponte without prejudice, but without leave to amend,[2] based on his failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3) **DIRECTS** the Clerk of the Court to enter judgment and terminate the case.

**IT IS SO ORDERED**.

Dated: September 19, 2018

Hon. William Q. Hayes
United States District Court

---

[2] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (court should dismiss claims barred by *Heck* without prejudice "so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction."); *Briggs v. Enriquez*, No. CV 17-4615-FMO(E), 2017 WL 6210802, at *4 (C.D. Cal. Nov. 1, 2017), *report and recommendation adopted*, No. CV 17-4615-FMO(E), 2017 WL 6209818 (C.D. Cal. Dec. 7, 2017).